IN THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DIRECTV, INC.,<br>a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>DAVIN OMEIR individual d/b/a HU-CARD.ORG, SAT-CLUB.NET, DTVKING.COM, DIRECT-TV.ORG, DISHSHOP.NET, DSS-DEPOT.NET, P4CARD.ORG, and COMPUTER HARDWARE WHOLESALER; DAVID STEMPOWICZ individual d/b/a HUCARDS.COM; VICTOR SHANAB and CHRIS SHANAB individuals d/b/a PLANET-HU.COM, DIRECTVFILES.TV, EZDIRECTV.COM, and GLOBALMARKETING LTD.; BRIAN MOORE individual d/b/a FASTPATHONLINE.COM, and BCM TECH; DANNY GAUDIO individual d/b/a DSSTECHNOLOGIES.COM, CCMELECTRONICS.COM, JTECH INC., and JTECH2; SRIRISACK SAYTHAVY individual d/b/a DSSSTARS.COM; SEAN ROBERT MONTIMINY individual d/b/a SIGNALUNIVERSE.COM and SIGNAL UNIVERSE, INC.; LEONARD COLE individual d/b/a DSSSTUFF.CA; and ROBERTO BOL individual d/b/a ISLANDSCRIPT.COM,<br><br>Defendants. | Civil Action No. 04-CV-01499-JDW-MSS<br><br>**CONSENT PERMANENT INJUNCTION AND FINAL JUDGMENT AGAINST DEFENDANT DAVID STEMPOWICZ** |

WHEREAS, Plaintiff DIRECTV, Inc. ("DIRECTV"), and Defendant David

Stempowicz ("Stempowicz") have agreed to the terms and conditions set forth in this

1

Consent Permanent Injunction and Final Judgment ("Consent Order"), and consent to the jurisdiction of the court for purposes of enforcement of this Consent Order;

WHEREAS, good cause having been shown;

IT IS ON THIS _1st_ day of _March_ 2006, ORDERED THAT:

1. Final judgment in the amount of $21,978.76 is hereby entered in the above-captioned matter against Stempowicz on all Counts in DIRECTV's Complaint.

2. Stempowicz, and any persons or entities controlled directly or indirectly by him or working in concert with him, are hereby permanently enjoined and restrained from knowingly:

(a) receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

(b) designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing or selling any devices equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, DIRECTV access cards, or software or components therefore that is primarily designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming;

2

(c) advertising the sale of any devices or equipment (including, by way example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, DIRECTV access cards, or software or components therefore) that are primarily designed, intended, or marketed for the purpose of facilitating the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services i support thereof;

(d) maintaining or participating in the maintenance of any website that facilitates in any way the reception and decryption of DIRECTV's satellite transmissions o satellite programming by persons not authorized to receive such programming, including advertising or providing information or technical services in support thereof;

(e) providing or offering to provide any other service that helps facilitate the sale or transfer of any device or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, DIRECTV access cards, o software or components therefore) that is primarily designed, intended, or marketed for the purpose of facilitating the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming.

3. This Consent Order shall apply to Stempowicz's activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin American (also known as Galaxy Latin America) satellite system, and to any other direct broadcast satellite system or

3

related business in which DIRECTV has a financial or other interest, now or in the future, which interest is also known to Stempowicz.

4. Stempowicz, and any persons or entities controlled directly or indirectly by him, are hereby permanently enjoined and restrained from:

(a) investing or holding a financial interest in any enterprise that he kno is engaging in any of the activities prohibited by this Consent Order; and

(b) knowingly allowing any persons or entities that he controls, either directly or indirectly, to engage in any of the activities prohibited by this Consent Order.

5. In the event that Stempowicz becomes aware that an enterprise in which he has invested or holds any financial interest is engaged in any of the activities prohibited by this Consent Order, he agrees immediately to divest himself of any such investment or financial interest and to promptly notify DIRECTV of the same.

6. Stempowicz shall provide to Plaintiff: (1) all documents, including but not limited to, records, files, receipts, invoices, correspondence, communication, copies of calendars and diaries, memoranda, and other evidentiary materials, whether in physical or electronic form, that relate to the subject matter of the complaint, which have not heretofore been provided by Stempowicz to DIRECTV; (2) all devices related to the subject matter of this action, (including, by way of example, loaders, bootloaders, unloopers, emulators, DIRECTV access cards, or software or components thereof) or any other technological products in Stempowicz's possession that are known by him to be used for the purpose of

4

satellite signal theft. The obligation to turn over documents and devices pursuant to this paragraph shall be ongoing with respect to materials discovered after the entry of this Consent Order.

7. The Court shall retain jurisdiction to entertain such further proceedings and enter such further orders as may be necessary or appropriate to implement and/or enforce tl provisions of this Consent Order.

8. The Court shall be authorized to award damages to DIRECTV for losses sustained prior to the date of this Consent Order, in addition to any other damages or other relief authorized by law upon notice to Stempowicz and a hearing as to evidence that Stempowicz has violated this Consent Order.

9. Any assets to which Stempowicz may have had a claim and that are contain in the PaySystems accounts associated with the website hucards.com, which were frozen ii connection with DIRECTV's settlement with PaySystems, shall be assigned to DIRECTV under the terms agreed to by the parties in their confidential settlement agreement. PaySystems is directed to release the funds to DIRECTV in partial satisfaction of this judgment.

**DONE AND ORDERED** in chambers this 1st day of March, 2006.

_____
Honorable James D. Whittemore

3/1/06
Dated