IN THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIRECTV, INC.,
a California Corporation,

       Plaintiff,                                Case No. 8:04-CV-1499-T-27MSS

      v.

DAVIN OMEIR individual d/b/a HUCARD.ORG, SAT-CLUB.NET, DTVKING.COM, DIRECT-TV.ORG, DISHSHOP.NET, DSS-DEPOT.NET, P4CARD.ORG, and COMPUTER HARDWARE WHOLESALER; DAVID STEMPOWICZ individual d/b/a HUCARDS.COM; VICTOR SHANAB and CHRIS SHANAB individuals d/b/a PLANET-HU.COM, DIRECTVFILES.TV, EZDIRECTV.COM, andGLOBALMARKETING LTD.; BRIAN MOORE individual d/b/a FASTPATHONLINE.COM, and BCM TECH; DANNY GAUDIO individual d/b/a DSSTECHNOLOGIES.COM, CCMELECTRONICS.COM, JTECH INC., and JTECH2; SRIRISACK SAYTHAVY individual d/b/a DSSSTARS.COM; SEAN ROBERT MONTIMINY individual d/b/a SIGNALUNIVERSE.COM and SIGNAL UNIVERSE, INC.; LEONARD COLE individual d/b/a DSSSTUFF.CA; and ROBERTO BOL individual d/b/a ISLANDSCRIPT.COM,

       Defendants.
_____/

**ORDER OF DEFAULT JUDGMENT AGAINST DEFENDANTS DAVIN OMEIR, VICTOR SHANAB, CHRIS SHANAB, DANNY GAUDIO, and SEAN ROBERT MONTIMINY; and ORDER GRANTING PLAINTIFF'S MOTION TO CONVERT FUNDS IN PARTIAL SATISFACTION OF JUDGMENTS AGAINST DEFENDANTS**

In connection with the motion of Plaintiff DIRECTV, Inc. ("DIRECTV"), the Court makes the following findings of fact and conclusions of law:

    1.     On June 25, 2004, DIRECTV filed its Complaint in this Court against defendants Davin Omeir, Victor Shanab, Chris Shanab, Danny Gaudio, and Sean Robert Montiminy (hereinafter

1

"Defendants"), alleging that they distributed and sold unlawful satellite piracy devices and software in violation of 17 U.S.C. § 1201 ("the DMCA") and 47 U.S.C. § 605 ("the Communications Act"), through various Internet websites.

II. Each of the Defendants has failed to answer DIRECTV's Complaint in a proper fashion, nor have they otherwise appeared in this action.

III. The Clerk of this Court entered default against Defendants on December 13, 2005, and based on this entry of default, Plaintiff's allegations of liability under the DMCA and the Communications Act are deemed admitted. (Dkts. 27, 29, 30, 31, 32)

IV. DIRECTV's allegations in its Complaint establish Defendants' liability to DIRECTV under 47 U.S.C. §605(a) and (e)(4). Specifically, DIRECTV has shown that Defendants own and operate Internet websites that were devoted to trafficking in devices and software that enable users to access DIRECTV's satellite television signal without payment to or authorization from DIRECTV, and that Defendants relied on PaySystems to process payments for the piracy transactions (Compl. at ¶ 30).

V. In support of its Revised Motion for Default Judgment, DIRECTV submitted the Second Declaration of Christian Genetski, as well as PaySystems business records which demonstrated the specific amount of funds generated by each Defendant's sale of pirate devices, and the amounts of such tainted funds held by PaySystems (Genetski Decl., Exhs. 1-5).

DIRECTV's motion having been made, and the Court having made the above findings of fact and conclusions of law,

It is HEREBY ORDERED that DIRECTV's Revised Motion for Default Judgment and Motion to Convert Funds in Partial Satisfaction of Judgments is GRANTED and it is ORDERED that:

      A.      Defendants, their representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or in participation with them, are permanently restrained and enjoined from:

      1.      through any Internet website, or in any other way, manufacturing, importing, offering to the public, providing, or otherwise trafficking in any DIRECTV programming services, programmed DIRECTV access cards, or any other software technology, product, service, device, component, or part thereof, that:

      a)      is primarily designed or produced for the purpose of circumventing the encryption access control protection contained in the software on DIRECTV's access cards, or any other technological measure adopted by DIRECTV that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

      b)      has only limited commercially significant purpose or use other than to circumvent DIRECTV's encryption access control protection, or any other technological measure adopted by DIRECTV that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners or copyrighted programming; and

      2.      through any Internet website, or in any other way, developing, assembling, modifying, selling, and/or distributing any DIRECTV programming services, programmed DIRECTV access cards, or any other software or devices, knowing or having reason to know that they are primarily of assistance in the unauthorized decryption of direct-to-home satellite services; and

      3.      through any Internet website, the mail, or in any other way, developing, manufacturing, assembling, possessing, selling, advertising, or transporting in interstate commerce

software programmed DIRECTV access cards, or any electronic, mechanical, or other devices, the design of which renders them primarily useful for the purpose of the surreptitious interception of electronic communications.

B. Final Judgment is entered against Davin Omeir in the amount of $1,115,788.44.

C. In partial satisfaction of the judgment entered against Davin Omeir, PaySystems is hereby ordered to pay DIRECTV $26,534.24 currently held in accounts registered to the following websites and businesses of Defendant Davin Omeir: Hu-Cards.org, Sat-Club.net, DTVKing.com, DishShop.net, Dss-Depot.net, P4Card.org, and Computer Hardware Wholesaler.

D. Final Judgment is entered against Victor Shanab and Chris Shanab in the amount of $380,681.01.

E. In partial satisfaction of the judgment entered against Victor Shanab and Chris Shanab, PaySystems is hereby ordered to pay DIRECTV $10,052.63 currently held in an account registered to Planet-Hu, a business belonging to Defendants Victor Shanab and Chris Shanab.

F. Final Judgment is entered against Danny Gaudio in the amount of $176,853.77.

G. In partial satisfaction of the judgment entered against Danny Gaudio, PaySystems is hereby ordered to pay DIRECTV $6,549.89 currently held in accounts registered to JTECH INC., and JTECH2, businesses belonging to Defendant Danny Gaudio.

H. Final Judgment is entered against Sean Robert Montiminy in the amount of $260,879.70.

I. In partial satisfaction of the judgment entered against Sean Robert Montiminy,

PaySystems is hereby ordered to pay DIRECTV $4,685.83 currently held in an account registered to Signal Universe, Inc., a business belonging to Defendant Sean Robert Montiminy.

    J.    The Clerk is directed to close this case.

**DONE AND ORDERED** this 3rd day of March, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**